IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS CHILDERS,**

        **Petitioner,**

        **v.**

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

        **Respondent.**

**CASE NO. 2:13-CV-00991
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

On September 10, 2015, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this action be dismissed. (ECF No. 19.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 22.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 22) is **OVERRULED**. The *Report and Recommendation* (ECF No. 19) is **ADOPTED** and **AFFIRMED**. The *Petition* is **DENIED.** This action is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED.**

Petitioner asserts that the trial court unconstitutionally imposed more than a minimum and consecutive sentence (claim one); that he was denied a fair trial due to improper admission of evidence (claim two); that the evidence is constitutionally insufficient to sustain his conviction and against the manifest weight of the evidence (claim three); and that he was denied the effective assistance of trial counsel (claim four). The Magistrate Judge recommended dismissal of claim two on the merits, and claims one, three, and four as procedurally defaulted.

**Objections**

Petitioner objects to the Magistrate Judge's recommendations.  He asserts that he is actually innocent and that he has established cause for any procedural defaulted based on the ineffective assistance of counsel.  He asserts that he has presented meritorious claims for relief. He contends that the decision of the state appellate court constitutes an unreasonable determination of the facts in light of the evidence presented.

Petitioner has procedurally defaulted claims one, three and four based on his failure to raise the claims on direct appeal, where he was represented by new counsel, and his failure to raise the claim in the Ohio Supreme Court.  The denial of the effective assistance of appellate counsel cannot constitute cause for his failure to raise claims on direct appeal, because Petitioner failed to present that claim to the Ohio courts.  *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  Moreover, the denial of the effective assistance of counsel cannot constitute cause for the failure to raise a claim in the Ohio Supreme Court, as the Petitioner has no right to the effective assistance of counsel in such proceeding.  "[T]he right to appointed counsel extends to the first appeal of right, and no further."  *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); s*ee also Smith v. Ohio, Dep't of Rehab. & Corr.,* 331 F. Supp. 2d 605, 619-20 (N.D. Ohio 2004) (attorney error cannot constitute cause in a proceeding in which the petitioner has no right to counsel) (citing *Coleman v. Thompson*, 501 U.S. 722, 751–53 (1991)); *Barkley v. Konteh*, 240 F.Supp.2d 708, 714 (N.D. Ohio 2002) (same).  Review of the record fails to demonstrate that Petitioner is actually innocent of the charge against him so as to justify a merits review of his claims.  To the extent that Petitioner raises an independent claim of actual innocence, it does not provide him the relief he seeks.  "Freestanding claims of actual innocence are [] not cognizable on federal habeas review[.]"  *Boes v. Warren*, 2013 WL 5499918 (E.D. Mich. Oct. 3, 2013)

(citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993);  *McQuiggin v. Perkins*, —— U.S. ——, ——–, 133 S.Ct. 1924, 1931 (2013);  *Cress v. Palmer*, 484 F.3d 844, 854–55 (6th Cir. 2007)). Further, and for the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that claim two fails to provide a basis for relief.

**Request for a Certificate of Appealability**

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The Court is not persuaded that Petitioner has met either of these standards here

Petitioner's *Objection* (ECF No. 22) is **OVERRULED**.  The *Report and Recommendation* (ECF

No. 19) is **ADOPTED** and **AFFIRMED.**  The *Petition* is **DENIED.**  This action is hereby

**DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

11-4-2015

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

4